1  DANIEL D. HARSHMAN, State Bar No. 177139
   COZEN O'CONNOR
2  777 South Figueroa Street
   Suite 2850
3  Los Angeles, California  90017
   Telephone: 213.892.7900
4  Facsimile: 213.892.7999
   E-mail:  dharshman@cozen.com
5
   CHRISTOPHER B. KENDE, State Bar No. 182711
6  CHRISTOPHER RALEIGH, *Pro Hac Vice*
   COZEN O'CONNOR
7  45 Broadway, 16th Floor
   New York, New York 10006
8  Telephone:  212.509.9400
9  Facsimile:  212.509.9492
   E-mail:  ckende@cozen.com
10
11 Attorneys for Defendant,
   AIR FRANCE

12

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| SEYED MOHAMMADALI MIRNAJAFIZADEH, individually, and MRS. MIRNAJAFIZADEH,<br><br>        Plaintiffs,<br><br>    vs.<br><br>AIR FRANCE, TEHRAN INTERNATIONAL AIRPORT, and DOES 1-100, inclusive,<br><br>        Defendants. | Case No.: SACV09-0179 AG (MLGx)<br><br>**[PROPOSED] ORDER RE STIPULATED PROTECTIVE ORDER** |

IT IS ORDERED THAT:

Good cause having been shown, and upon stipulation of the parties, the Court hereby grants the following Protective Order (hereafter "Order"), pursuant to Rule 26 of the Federal Rules of Civil Procedure:

1

1. **DEFINITIONS AND TERMS**

The following definitions and terms should apply to this Order:

2.1 <u>Party</u>: shall refer to Plaintiffs and/or the Defendant, Air France, in this action.

2.2 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3 <u>"CONFIDENTIAL" Information or Items</u>: For purposes of this Order, the Producing Party may designate as Confidential any information it believes to be Confidential Information, or any document containing such information. Confidential Information means any confidential and proprietary business information, and confidential personal information, including, without limitation: (1) non-public information about any individual or individuals; (2) non-public information about any client or customer of Air France; and (3) non-public, proprietary information and documents regarding Air France's policies, procedures and private information regarding Defendant's current and former agents, employees and customers.

2.4 <u>Receiving Party</u>: a Party that has received Disclosure or Discovery Material from a Producing Party.

2.5 <u>Producing Party</u>: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.6 <u>Designating Party</u>: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.7 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL." Protected Material includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the "CONFIDENTIAL" material.

2.8 <u>Outside Counsel</u>: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.9. <u>House Counsel</u>: refers to attorneys who are employees of a Party.

2.10   Counsel (without qualifier):  Outside Counsel and House Counsel (as well as their support staff).

2.11   Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.12   Professional Vendors:  persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

**2.   SCOPE**

The protections conferred by this Order cover not only Protected Material (as defined above), but all copies, excerpts, quotations, direct compilations of said Protected Material, or other means that reveal the Confidential portions of the Protected Material.

**3.   DESIGNATING PROTECTED MATERIAL**

4.1 Manner and Timing of Designations.  Except as otherwise provided in this Order (see, *e.g.*, second paragraph of section 4.1(a), below), or as otherwise separately stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced or, with respect to documents which have already been produced, must be so designated within 20 days of the date of this Order.

Designation in conformity with this Order requires:

(a) for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL"  at the top or bottom of each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the legend "CONFIDENTIAL" at the top of each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony. When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days to identify the specific portions of the testimony as to which "CONFIDENTIAL" protection is sought. Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Stipulated Protective Order. During the pendency of the 20 day period, and until a final transcript incorporating all specified confidentiality designations is provided by the court reporter, the Parties shall treat all portions of the testimony as "CONFIDENTIAL."

Transcript pages containing Protected Material must be separately marked by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL," as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

(c) <u>for information produced in some form other than documentary, and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or

4

containers in which the information or item is stored the legend "CONFIDENTIAL."  If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) as "CONFIDENTIAL."

   4.2 <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  If material is appropriately designated as "CONFIDENTIAL" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**4.**  **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

   5.1 <u>Timing of Challenges</u>.  A Party who seeks to challenge a Designating Party's confidentiality designation should do so at least thirty (30) days prior to the time the parties are to exchange their pre-trial Exhibit Lists.

   5.2 <u>Meet and Confer</u>.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

   5.3 <u>Judicial Intervention</u>.  Any dispute relating to this Stipulated Protective Order, including a challenge to a confidentiality designation or the inadvertent disclosure of work product or attorney-client material, must be done pursuant to Local Rule 37. In making or opposing any motion relating to the designation of "CONFIDENTIAL" material, the party seeking to maintain a

document as confidential shall bear the burden of showing that specific prejudice or harm will result if no protective order is granted. Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

**5.     ACCESS TO AND USE OF PROTECTED MATERIAL**

6.1     <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

6.2     Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters, their staff and professional vendors to whom disclosure is reasonably necessary for this litigation;

(f) during their depositions, party witnesses in the action to whom disclosure is reasonably necessary.  Pages of transcribed deposition testimony or exhibits to depositions that

6

reveal Protected Material must be separately marked as such by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(g) during their depositions, non-party witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to be Bound by Protective Order" (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order. Notwithstanding the foregoing, should a non-party witness refuse to execute the "Agreement to be Bound by Protective Order," such refusal shall not preclude the use of confidential material with respect to such non-party witness and the parties shall take whatever additional action is deemed appropriate to protect the confidentiality of the material being used at the deposition of such non-party witness.

(h) the author of the document or the original source of the information.

6.3   Notwithstanding any other provisions of this Order, it has no effect upon, and its scope shall not extend to, any Party's use of documents from its own files or its own Confidential Information.

**6.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL", the receiving party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Order.  In addition, the Receiving Party must deliver a copy of this Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

### 7.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

### 8.   FILING PROTECTED MATERIAL

Motion papers or other Court filings, including exhibits, that disclose Protected Material shall be filed with an application to file the Protected Material under seal pursuant to Rule 79-5.1 of the Civil Local Rules for the United States District Court, Central District of California. In addition, papers referencing or relying upon Protected Material shall designate the particular aspects that are confidential to enable the Court, in drafting orders, to determine whether there is evidence which the Court should attempt not to disclose. If the Receiving Party disputes a confidential designation of motion papers or exhibits, the Receiving Party must notify the Designating Party of that dispute in writing. If the parties are unable to resolve their dispute, either party may move the Court for an order approving or removing the "CONFIDENTIAL" designation. The non-moving party may oppose such motion. In the interim, the designated material shall be deemed Protected Material until the issue is resolved by the Court.

## 9. "CONFIDENTIAL" MATERIALS OFFERED AS EVIDENCE AT TRIAL

When offered in evidence at trial, Protected Material and information designated as "CONFIDENTIAL" will become available to the public, unless good cause is shown to the district judge in advance of the scheduled trial date to proceed otherwise. In order to permit a Designating Party to assess whether to move the Court for additional protection, and if appropriate to file a timely motion, the proponent of the evidence must give notice of intent to introduce the evidence to counsel for the Designating Party at the time the parties are to exchange their pretrial Exhibit Lists. Any Protected Material and information designated as "CONFIDENTIAL" that is not included on the Exhibit List shall be first subject to an *in camera* review in advance of the trial to prevent unnecessary disclosure pursuant to applicable federal and local rules. The Court will determine whether the proffered evidence should continue to be treated as "CONFIDENTIAL" and, if so, what protection, if any, may be afforded to such materials or information at trial.

## 10. FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within ninety (90) days after the final termination of this action, each Receiving Party must destroy or return to the Producing Party all Protected Material that has not lost its "CONFIDENTIAL" designation and become available to the public. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the ninety-day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not, other than as authorized below in the subsequent paragraph, retained any Protected Material.

## 11. MISCELLANEOUS

12.1  Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2  Right to Assert Other Privileges. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any

information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3    Nothing in this Order shall be deemed to be a limit or waiver of the attorney-client privilege. Further, inadvertent production of privileged information shall not waive the privilege. If privileged information is inadvertently produced, the recipient agrees that, upon request from the producing party, it shall promptly return all copies of documents containing the privileged information, delete any versions of the document containing the privileged information on any database or computer filing system it maintains, and make no use of the privileged information.

12.4    <u>Jurisdiction</u>.   The Court retains jurisdiction to make amendments, modifications, deletions, and additions to this Order as the Court from time to time may consider appropriate, upon motion of any party or otherwise. The provisions of this Stipulated Protective Order regarding the use or disclosure of information designated as "CONFIDENTIAL" will survive the termination of this action, and the Court will retain jurisdiction with respect to this Order.

Dated: February 16, 2010

Marc L. Goldman,
United States Magistrate Judge